SHAW, Judge,
concurring in the result.
I agree with the majority’s analysis of the obscenity statutes applicable here and with its conclusion that the videotape falls within the statutory definition of obscenity. However, I disagree with the majority’s conclusion that the trial court made a finding of fact to which this Court must defer.
Based upon my examination of the record and the appellant’s brief, it appears to me that the trial court was presented with a purely legal issue — whether the videotape was sufficient to establish a prima facie case under § 13A-12-192, Ala.Code 1975. Stated differently, I think that the appellant’s position below was that, as a matter of law, the videotape was not obscene. See, e.g., Abernathy v. State, 642 So.2d 519, 522 (Ala.Crim.App.1994). Although the record is scant, the following colloquy from the guilty-plea hearing is informative:
“THE COURT: ... The question in this case is whether or not the obscene materials in the possession of the defendant would meet the requirements under the statute to be possession of obscene material under § 13A-12-192. I have looked at the tapes and concluded that it fits under the statute and that question after his plea will be certified up to the appeal courts.
[[Image here]]
“THE COURT: Did you have possession of those tapes that are at issue in this case?
“[Lanham]: Yes.
“THE COURT: And I understand the disagreement as to the obscene nature of the tapes.
“[Defense counsel]: We are saying it is not obscenity. And we understand you are going to certify that question to the Court of Criminal Appeals. And we hereby give notice that we are going to appeal this matter.
“THE COURT: And this will be taken up on the question of obscenity and § 13A-12-192 being the video cassette tape of a Havirov Sport II. The tape will be submitted with this plea on appeal.”
(R. 4 and 7-8.)
From all appearances, the appellant waived his right to a jury trial and entered a guilty plea, reserving his right to challenge the sufficiency of the State’s evidence on appeal. Because the majority correctly holds that the videotape falls within the statutory definition of obscenity, the appellant’s argument that his conviction should be reversed and, presumably, that a judgment should be rendered in his favor is without merit. Therefore, I concur in the result.